UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY FOSTER, #191745,
        Plaintiff,                      CASE NO.: 2:08-CV-10725

vs.                                       DISTRICT JUDGE GERALD E. ROSEN
                                          MAGISTRATE JUDGE STEVEN D. PEPE

THOMAS BIRKETT, *et al.*,
        Defendant.
_____/

**Report and Recommendation**

On February 21, 2008, Plaintiff commenced this action, seeking relief under 42 U.S.C. § 1983 for violation of his civil rights. In his Complaint, Plaintiff Leroy Foster alleges that, while he was in the custody of the Michigan Department of Corrections ("MDOC"), several staff members from Standish Maximum Correctional Facility (SMF): Warden Thomas Birkett, Deputy Warden O'Bell Winn, Assistant Deputy Warden Donald Ricumstrict, Psychologist William Sarasin, Nurse Manager Heather Bailey, Resident Unit Manager Michael Krajnik, and Assistant Resident Unit Supervisor Kenneth Werner (the "Defendants") denied him mental health care in violation of the Eighth Amendment. Plaintiff requested a transfer out of SMF; monetary damages; and an Order declaring that he is mentally ill and shall be afforded mental-health treatment (Dkt. #1, p. 14).

Defendants filed a motion for summary judgment (Dkt. #18). Plaintiff was afforded 21 days after the filing of the motion to file his response. The time for a response elapsed with no response to the motion from Plaintiff. To ensure Plaintiff the opportunity to be heard, he was ordered to file a response brief to Defendant's motion for summary judgment on or before October 24, 2008, or the motion would be decided without his response. The October 24, 2008 due date has passed without word from Plaintiff. On December 8, 2008, Plaintiff filed a

document entitled "Response to Motion for Summary Judgment," (Dkt. #  25), which stated simply that he opposed the motion and requests additional time to fully respond.  Plaintiff's request for additional time was granted, allowing him until February 27, 2009, to respond fully (Dkt. #26).  A copy of the order was sent to Plaintiff at both addresses he provided to the court, the Standish Maximum Correctional Facility and the Gus Harrison Correctional Facility (See Dkt. 2/6/09 and 2/9/09, ***Staff notes).  Plaintiff failed to provide additional reasoning for his opposition to the Defendant's motion for summary judgment.   All pre-trial matters were referred under 28 U.S.C. § 636(b) (Dkt. #12 & #39).  For the reasons stated below, it is **RECOMMENDED** that summary judgment be **GRANTED** for the Defendants, and this case be dismissed.

**I.    BACKGROUND**

Plaintiff was a prisoner in the custody of MDOC at the time of the events leading to this action.  The plaintiff alleges that he has been denied needed mental-health care; he also complains generally about the conditions experienced in segregation (Dkt. #1, ¶¶ 24-31). He also alleges that he was improperly placed in segregation because of his mental illness claims. The Plaintiff is currently housed at the Huron Valley Correctional Facility (Dkt. #18, Ex. A).

The Plaintiff contends that he suffers from various mental illnesses including; multiple personality disorder, bipolar disorder, schizoaffective disorder, schizophrenia and unspecified psychotic disorder.  In support of his position, he cites to a letter from George Daigle, PhD (Dkt. #1, ¶4). The letter, however, did not make such a finding.  Rather, Dr. Daigle found that there was no indication that Plaintiff "was suffering from any genuine psychiatric disorder whatsoever." (Dkt. #1, Ex. A).  The letter indicated that the Plaintiff was faking mental illness (multiple personalities) for self-serving reasons.

Likewise, Defendant Sarasin who diagnosed the Plaintiff for mental illness came to the same conclusion.  Pursuant to the DSM-IV diagnostic criteria, Defendant Sarasin found Plaintiff

to have a malingering condition but not a mental disorder (Dkt. #18, Ex. B).  The Plaintiff was examined repeatedly by Defendant Sarasin and other psychological staff members while at SMF resulting in over 1600 pages of medical records between April 2006 to June 2008.  (Dkts. #21 and #22).  Those examinations consistently failed to find evidence of any genuine mental illness. *Id*.

## II. ANALYSIS

### A. The Legal Standards

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact.  The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The moving party has "the burden of showing the absence of a genuine issue as to any material fact."  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party.  *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).  But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

    **B.**    **Factual Analysis**

        **(1)**    **Eighth Amendment**

In the context of medical care, a prisoner's Eighth Amendment right to be free of cruel and unusual punishment is violated only when a prisoner can demonstrate that a "deliberate indifference" has been shown to his serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To demonstrate a "deliberate indifference" to his medical needs, a prisoner must show that the defendant's actions rise to the level of an "unnecessary and wanton infliction of pain." *Id.* at 104. Mere negligence in identifying or treating a medical need does not rise to the level of a valid mistreatment claim under the Eighth Amendment. *Id.* at 106. Additionally, a prisoner seeking to prevail on an Eighth Amendment claim under 42 U.S.C. § 1983 must also show that his medical need is "serious." *Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

Moreover, the courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo,* 457 U.S. 307, 321 (1982). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. *Westlake v. Lucas,* 537 F. 2d 857, 860 n. 5 (6th Cir. 1976). Complaints that a medical provider did not provide specific medications, treatment or dosages, or even negligently failed to provide adequate medical care do not state a claim of deliberate indifference as to a prisoner's civil rights claims. *See Westlake v. Lucas,* 537 F. 2d 857, 860, n.5 (6th Cir. 1976); *Williams v.*

*Mehra,* 186 F. 3d 685, 691 (6th Cir. 1991); *Williams v. Duckworth*, 598 F. Supp. 9, 13-25 (N.D. Ind. 1983), *aff'd without opinion*, 749 F. 2d 34 (7th Cir. 1984).

Plaintiff argues that Defendants' failure to treat his self-diagnosed mental illnesses constituted deliberate indifference. Based on a review of Plaintiff's own Complaint and exhibits, there is no indication that Plaintiff suffers from a mental illness. During Plaintiff's time at SMF, Defendant Sarasin consistently found that the Plaintiff lacked mental illness. Other psychologists during this timeframe also reached the same conclusion (Dkts. #21 and 22, pp. 1, 12, 14, 15, 33, 35, 36, 45, 51, 59, 77, 83, 85, 87, 90, 94, 96, 98, 99, 100, 101, 102, 105, 106). Based on this overwhelming and consistent evidence, no reasonable fact finder could conclude that Plaintiff suffered from a mental illness. Thus, no reasonable fact finder could conclude that Defendant Sarasin misdiagnosed Plaintiff or was deliberately indifferent to his alleged mental illness. Thus Defendant Sarasin should be granted summary judgment on Plaintiff's Eighth Amendment claim.

Of the defendants named in this suit, none of them was professionally qualified to make a determination regarding Plaintiff's mental-health status which was done by Defendant Sarasin. As for Defendants Birkett, Winn, Ricumstrict, Krajnik, Werner, and Bailey, even if there was a misdiagnosis and he did have a serious mental illness requiring treatment, there would be no constitutional violation present here because these Defendants could not have been subjectively aware of the Plaintiff's serious medical need. Each of the them lacked involvement in the determination of the Plaintiff's mental status. As a non-mentally ill prisoner, Plaintiff was appropriately placed in segregation. These Defendants are entitled to dismissal for lack of personal involvement and/or lack of knowledge of any medical or mental condition that warranted special treatment.

**IT IS THEREFORE RECOMMENDED** that summary judgment **GRANTED** on this issue

because Plaintiff was appropriately placed in segregation and there is no Eighth Amendment violation.

**(2)  Mootness**

Article III of the United States Constitution limits federal court jurisdiction to a 'case or controversy'; this provides the basis for principles of mootness. US Const art III, § 2. "If a case becomes moot, it does not satisfy the 'case or controversy' requirement of Article III, and the federal courts are powerless to decide it." *Carras v Williams*, 807 F2d 1286, 1289 (CA 6, 1989) (citations omitted). As explained by the United States Court of Appeals for the Sixth Circuit, "[a] case is moot when the issues presented are no longer 'live,' or the parties lack a legally cognizable interest in the outcome." *Carras* at 1289 (quotations omitted).

Plaintiff's request for injunctive relief to be transferred to a facility that could meet his needs such as Huron Valley Correctional Facility (HVM). This request is moot, because Plaintiff was transferred to and is currently located at HVM. Because Plaintiff has received this element of relief, there is nothing to be settled by the Court. Plaintiff further requested that the Defendants provide him with mental-health treatment. This issue too is moot because the Plaintiff is no longer under the control of the Defendants named in this litigation and they do not have control over the Plaintiff's current treatment. **IT IS THEREFORE RECOMMENDED** that summary judgment **BE GRANTED** on this injunctive relief because of mootness.

**(3) Immunity**

**a. Eleventh Amendment Immunity**

The Defendants were sued in their official capacities as employees of the State and their individual capacities. To the extent they were sued in their official capacities, they are entitled to Eleventh Amendment immunity. The Eleventh Amendment bars a suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of relief

sought. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100 (1989); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978). The State of Michigan has not consented to civil rights suits in federal courts. *See Abick v. Michigan,* 803 F. 3d 874, 877 (6th Cir. 1986). There are three exceptions to Eleventh Amendment immunity:

> "First, a state may waive the protection of the Amendment by consenting to the suit . . . the second exception to the Eleventh Amendment bar is that Congress, under certain provisions of the Constitution, may abrogate the sovereign immunity of the states through statute . . . under the third exception, a federal court may enjoin a "state official" from violating federal law."
> *Lawson v. Shelby County, TN,* 211 F. 3d 331, 33-335 (6th Cir. 2000) (citations omitted)

The State of Michigan has not waived its Eleventh Amendment immunity. Additionally, in *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989), the Supreme Court found that "Congress, in passing §1983, had no intention to disturb the States' Eleventh Amendment immunity . . . ." The court also reiterated that "a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office . . . . As such, it is no different from a suit against the state itself." *Id.* at 66, 71 (citations omitted). Moreover, the third exception does not apply here because it only applies when the remedy sought is injunctive relief, whereas here Plaintiff seeks monetary damages and the injunctive relief sough is moot. *Lawson,* 211 F. 3d at 335. Therefore, because the Defendants were employees of the state, and none of the Eleventh Amendment immunity exceptions apply, they cannot be sued in their official capacities.

### b. Qualified Immunity

Finally, Plaintiff's Eighth Amendment claims against the Defendants are also barred by qualified immunity. Government officials who perform discretionary functions are generally entitled to qualified immunity from individual liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also*

*Christophel v. Kukulinsky*, 61 F.3d 479, 484 (6th Cir. 1995); *Thomas v. Whalen*, 51 F.3d 1285, 1289 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 518 (1995); *Pray v. Sandusky*, 49 F.3d 1154, 1157-58 (6th Cir. 1995). Qualified immunity is an affirmative defense and the plaintiff need not anticipate it in the complaint. *Gomez v. Toledo,* 446 U.S. 635 (1980). "Since qualified immunity is a defense, the burden of pleading it rests with the defendant." *Id.* at 640. *See also Veney v. Hogan,* 70 F.3d 917, 921-22 & n. 5 (6th Cir. 1995). While a plaintiff may use a generalized "notice" form of complaint, once a defense of qualified immunity is asserted, the plaintiff must respond with "specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity." *Id.* at 922. The Sixth Circuit has held that if a defendant raises a qualified immunity defense, the plaintiff bears the burden of showing that the constitutional right alleged to have been violated was clearly established at the time of the alleged violation. *Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171, 1174 (6th Cir. 1988); *Dominique v. Telb*, 831 F.2d 673, 676 (6th Cir. 1987). "[I]n the ordinary instance, to find a clearly established constitutional right, a district court must find binding precedent by the Supreme Court, its court of appeals, or itself." *Seiter*, 858 F.2d at 1177.

The Supreme Court in *Siegert v. Gilley*, 500 U.S. 226, 111 S. Ct. 1789 (1991), set out the "analytical structure under which a claim of qualified immunity should be addressed." The Court is to determine whether the Plaintiff has alleged the violation of a clearly established constitutional right. This is a purely legal question. It involves two steps. The first step is to determine whether the alleged conduct violates any constitutionally protected right at all. The second step is to determine whether that constitutional right was clearly established at the time of the defendant's action or failure to act. If the answer to the first question is in the negative, the Court need not consider the second question because if no constitutional right exists, no such

right would have been clearly established.

The defendants did not violate the Plaintiff's constitutional rights.  Because they were entitled to rely on the Plaintiff''s doctors' diagnoses that he did not suffer from a mental-health illness, Defendants Birkett, Winn, Ricumstrict, Krajnik, Werner, and Bailey acted reasonably.  There is no clearly established law holding that these defendants were required to seek a special mental-health accommodation for an inmate who lacked a diagnosis as being mentally ill.  Furthermore, there is no showing that the Defendants interfered with the Plaintiff receiving evaluations by psychological staff.

Defendant Sarasin acted reasonably in using his medical training to determine that the Plaintiff did not suffer from a mental illness.  The objective reasonableness of his diagnosis was confirmed by several evaluations conducted by other psychologists not one of which contradicted his findings. The Plaintiff was found to be a malingerer without a mental illness.  **IT IS THEREFORE RECOMMENDED** that the Defendants be afforded qualified immunity.

### III.   RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED**, and the case against each of them be dismissed with prejudice.  The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: March 2, 2009   s/ Steven D. Pepe
Ann Arbor, MI   United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 3, 2009 .

s/Jermaine Creary
Deputy Clerk